IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAMON LONG | * | |
| PLAINTIFF | * | |
| VS. | * | CIVIL ACTION NO.: JKB: 12-CV-0683 |
| KATHY ROY, ET AL. | * | |
| | * | |
| DEFENDANT | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANTS' MOTION TO DISMISS, OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT AND REQUEST FOR HEARING

Defendants, Kathy Roy and United Collections Bureau, Inc. (collectively "UCB" or "Defendants"), by their attorneys, Stacey A. Moffet and Eccleston and Wolf, P.C., move, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56 to dismiss Plaintiff's claims with prejudice, or, alternatively, for summary judgment.  The grounds for this Motion are as follows:

1.    Plaintiff filed this action in proper person on or about March 2, 2012 alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA"), as well as a common law claim for Intentional Infliction of Emotion Distress ("IIED"). *See generally,* Complaint (ECF 1).

2.    Plaintiff seeks damages and equitable relief, including a declaratory judgment, as well as preliminary and permanent injunctive relief.

3.    On or about August 22, 2011, UCB was assigned to collect a debt owed to its client, LifeBridge Health, by Mr. Long.  *See* Exhibit 1, Affidavit of Kristen Arsenault, ¶ 3; Exhibit 1A, Account Notes of UCB, Line No. 98.

4.      UCB's first communication to Mr. Long was a telephone message left by a UCB employee on August 23, 2011.  *See* Exhibit 1 at ¶ 4; Exhibit 1A at Line No. 125.

5.      Three days later, UCB sent Mr. Long a letter advising him that UCB had been assigned to collect a debt he owed to LifeBridge Health in the amount of $845.46, which included notification of Mr. Long's right to dispute the debt or any portion thereof.  *See* Exhibit 1 at ¶ 5; Exhibit 1A at Line No. 128; Exhibit 1B, August 26, 2011 Letter to Damon Long from UCB.  The letter was mailed to the same address used by Plaintiff in the Complaint filed in the instant litigation.

6.      On October 15, 2011, UCB notified the three major credit bureaus, Transunion, Equifax, and Experian, of Mr. Long's outstanding $845.46 debt owed to LifeBridge Health (the "LifeBridge Debt").  *See* Exhibit 1 at ¶ 6; Exhibit 1A at Line Nos. 142-44.

7.      Having received no response to its August 26, 2011 letter and subsequent voicemails, UCB sent another letter to Mr. Long on October 25, 2011 at the same address, which again advised Mr. Long that the LifeBridge Debt had been assigned to UCB for collection and informed him of his right to dispute the debt or any portion thereof.  Exhibit 1 at ¶ 7; Exhibit 1C, October 25, 2011 Letter to Damon Long.

8.      Mr. Long responded to UCB by letter dated February 13, 2012.  *See* Compl. at ¶¶ 11, 13; Exhibit 1 at ¶ 8; Exhibit 1D, February 13, 2012 Letter from Damon Long.

9.      Mr. Long's February 13, 2012 letter requested validation of the LifeBridge Debt and informed UCB that he was disputing the LifeBridge Debt.  *See* Exhibit 1 at ¶ 9.

10.     UCB received confirmation of the LifeBridge Debt in documents faxed to UCB from Sinai Hospital on February 20, 2012.  *See* Exhibit 1 at ¶ 10; Exhibit 1E, Patient Statement of Account and Hospital Admission Records.

11.    UCB sent a letter to Mr. Long on February 22, 2012 with a copy of the information received from Sinai enclosed.  Exhibit 1 at ¶ 11; Exhibit 1F, February 22, 2012 Letter from UCB to Mr. Long.

12.    Following UCB's verification of the debt, Mr. Long responded with a letter, dated February 27, 2012, in which he threatened to file a federal lawsuit against UCB because it had "not provided proper validation" of the debt.  Exhibit 1 at ¶ 12; Exhibit 1G, February 27, 2012 Letter from Mr. Long to UCB.

13.    Following this notice of Mr. Long's intent to dispute the debt despite the previously provided verification, UCB suspended its automatic monthly electronic transfer of updated account information to the credit bureaus on March 8, 2012, and no information was sent to the credit bureaus after that time.  UCB requested that the LifeBridge Debt be removed from Mr. Long's credit report on the same day.  Exhibit 1 at ¶ 13; Exhibit 1A at Line No. 249; Exhibit 1H, Letter of April 2, 2012 from Kristen Arsenault to Mr. Long.

14,    At no time did UCB receive notice from a credit bureau or other consumer reporting agency that Mr. Long had disputed information related to the LifeBridge Debt with that agency.  Exhibit 1 at ¶ 14.

15.    Mr. Long alleges no specific facts in support of his claims that UCB violated Sections 1692e(2)(a), 1692e(8), and 1692e(10) of the FDCPA.  Therefore, these claims must be dismissed.

16.    UCB accurately represented the character, amount, and status of the LifeBridge debt in all communications with Mr. Long and the credit bureaus.  *See* Exhibit 1 at ¶¶ 5, 7, 11, 13.  Therefore, UCB is entitled to judgment as a matter of law as to all of Mr. Long's FDCPA claims.

17.     UCB did not receive notification from any credit bureau or other consumer reporting agency that information in a consumer report relating to the LifeBridge Debt was disputed by Mr. Long.  Exhibit 1 at ¶ 14.  Therefore, UCB's obligations under FCRA Section 1692s-2(b)(1) were not triggered, and UCB is entitled to summary judgment as to all of Plaintiff's claims arising there under.  *See* 15 U.S.C. 1692s-2(b)(1).

18.     It is undisputed that UCB suspended reporting to the credit bureaus and requested that the LifeBridge Debt be removed from Mr. Long's credit report after receiving notice that Mr. Long disputed the debt despite its provision of adequate verification of the same.  Therefore, UCB is entitled to judgment as a matter of law as to Plaintiff's claim alleging violations of 15 U.S.C. 1681s-2(a)(3) for knowingly reporting inaccurate information to a consumer reporting agency.

19.     Plaintiff has failed to state a claim for IIED because he does not allege that UCB engaged in sufficiently extreme or outrageous conduct, which is necessary to state a claim for IIED.

20.     Plaintiff does not allege with specificity the severe emotional distress necessary to state a claim for IIED.

21.     Plaintiff's claim for IIED, therefore, must be dismissed with prejudice, or alternative, UCB is entitled to summary judgment.

22.     The FDCPA and FCRA do not provide for declaratory or injunctive relief.  Therefore, even if Plaintiff could establish that UCB violated either of these statutes, he is not entitled to the equitable relief requested.

23.     Plaintiff refers to the Maryland Consumer Collection Practices Act ("MCCPA") and the Maryland Unfair and Deceptive Trade Practices Act ("UDTPA") in the introductory paragraph of his Complaint; however, he does not include a Count alleging violations of either

statute, and he alleges no facts supporting a claim under the MCCPA or UDTPA.  Because Plaintiff has not asserted a claim under the MCCPA and UDTPA, his Complaint should be dismissed with prejudice inasmuch as it seeks recovery under either statute.

WHEREFORE, for the foregoing reasons, the Defendant, United Collection Bureau, Inc., requests that the Court Dismiss Plaintiff's Complaint with prejudice, or, alternatively, enter Summary Judgment in its favor

## REQUEST FOR HEARING

Pursuant to Local Rule 105.6, Defendant hereby requests a hearing on its Motion for Summary Judgment.

*/s/ Stacey A. Moffet*
Stacey A. Moffet (Bar #23025)
ECCLESTON AND WOLF, P. C.
7240 Parkway Drive, 4th Floor
Hanover, Maryland 21076
Telephone: (410) 752-7474
Facsimile: (410) 752-0611
e-mail: moffet@ewmd.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on this 23rd day of May, 2012, a copy of the foregoing

Defendant's Motion to Dismiss, or, Alternatively, for Summary Judgment, was sent via First

Class Mail, postage prepaid to:

>        Damon Long
>        3811 Elmcroft Road
>        Baltimore, Maryland 21133
>        *Plaintiff Pro Se*

>                  */s/ Stacey A. Moffet*
>                  Stacey A. Moffet